IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY KARCHON HOLMES, :
:
          Petitioner, :
:
v. :
: No. 5:17-cv-00135-CAR-CHW
BRIAN OWENS, *et al.*, :
:
          Respondents. :
:

## ORDER OF DISMISSAL

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Anthony Karchon Holmes, an inmate confined at the Dodge State Prison in Chester, Georgia, filed the above-captioned case seeking a writ of mandamus. Mot. for Writ of Mandmus, ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Mot. & Aff. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff was subsequently granted leave to proceed *in forma pauperis* and ordered to pay an initial partial filing fee. Order, Aug. 31, 2017, ECF No. 5. Thereafter, Plaintiff submitted a payment, but the payment was not docketed in this case because only a portion of the case number was placed on the money order. *See* Response to Court Order, ECF No. 7.

The initial partial filing fee has now been docketed in this case, and thus, Plaintiff's writ petition is ripe for review. On review, the Court finds that Plaintiff's petition fails to state a non-frivolous claim for relief. The petition is thus **DISMISSED WITHOUT**

**PREJUDICE** pursuant to § 1915A(b).

I. <u>**Motion to Proceed *In Forma Pauperis***</u>

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the Petitioner shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). Pursuant to this provision, Petitioner moved for leave to proceed without prepayment of the $350.00 filing fee, and that motion was previously granted. Petitioner is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Petitioner's writ petition is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Petitioner is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. <u>Directions to Petitioner's Custodian</u>

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly

basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

  B. <u>Petitioner's Obligations Upon Release</u>

In the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he remains obligated to continue making monthly payments to the **CLERK** toward the balance due until said amount has been paid in full. Collection from Petitioner of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Petitioner is released from custody and fails to remit payments. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so.

  **II.** **<u>Authority & Standard for Preliminary Screening</u>**

The Court is now obligated to conduct a preliminary review of Petitioner's petition for a writ of mandamus. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the petition as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In his Petition, Petitioner seeks a writ of mandamus requiring that he be released on parole. Pet. for Writ of Mandamus 4, ECF No. 1. In support of this request, Petitioner asserts that he is overdue for parole under the guideline system and that he has participated in incentive programs to reduce his sentence, but he has not been awarded any credits for this participation. *Id.* at 8-9.

The United States District Courts do not have the authority to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, DeKalb*

*Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam);[1] *see also Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."). Accordingly, this petition seeks relief not available to Petitioner in this Court.

Moreover, to the extent that the Petition may be considered as raising a due process claim pursuant to 42 U.S.C. § 1983, Georgia prisoners do not have a liberty interest in parole necessary to support a due process claim. *See Sultenfuss v. Snow*, 35 F.3d 1494, 1502 (11th Cir. 1994) (en banc). Thus, any due process claim fails as a matter of law. *See id.*

The Court therefore finds that Plaintiff's claims have no arguable merit, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 13th day of November, 2017.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.